T.C. Memo. 2004-165

UNITED STATES TAX COURT

MARY J. TONEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5331-03.                    Filed July 13 2004.

Mary J. Toney, pro se.

<u>Daniel N. Price</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Respondent determined a $4,321 deficiency in petitioner's 2001 Federal income tax.  By amended answer, respondent asserted an additional $113 deficiency.  The issues for decision are whether petitioner was eligible to file her 2001 Federal income tax return as a head of household and whether she was entitled to claim dependency exemption deductions pursuant to

section 151(a) and an earned income credit (EIC) pursuant to section 32(a).[1]

FINDINGS OF FACT

The parties have stipulated some facts, which we incorporate herein by this reference. When she petitioned the Court, petitioner resided in San Antonio, Texas.

Throughout 2001, petitioner was married to John R. Toney Sr. (Mr. Toney). The Toneys have four children.

For part of 2001, petitioner was unemployed. She and her children lived with her mother. Petitioner's mother and an unrelated person provided some support to petitioner's children. Petitioner admits that during 2001 she did not provide over half the support for her children and that Mr. Toney provided no support for the children.

Petitioner filed her 2001 Federal income tax return as head of household. On the return, she claimed her four children as dependents and claimed an EIC.

By notice of deficiency, respondent determined that petitioner was not entitled to claim her children as dependents; that she was not entitled to claim the EIC; and that her proper filing status was single. By amended answer, respondent asserted

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

that petitioner's proper filing status was married filing separately, resulting in an increase in the asserted deficiency.[2]

OPINION

1. Dependency Exemption Deductions

A taxpayer is allowed a dependency exemption deduction for each "dependent". Sec. 151(a), (c). To be considered a taxpayer's dependent, an individual generally must receive over half of his or her support from the taxpayer during the taxable year. Sec. 152(a).

Petitioner admits that during 2001 she did not provide over half of her children's support. Accordingly, petitioner is not entitled to claim her children as dependents for 2001.[3]

2. Filing Status

To qualify as a head of household, an individual must be unmarried at the close of the taxable year. Sec. 2(b)(1). It is

_____

[2] Respondent has the burden of proof as to any increase in deficiency that is pleaded in his answer. Rule 142(a). Because our resolution of the issues in this case does not hinge on which party bears the burden of proof, we need not further address the application of Rule 142(a) or the applicability of sec. 7491.

[3] Sec. 152(e)(1) treats a child as receiving over half his support from his custodial parent, if his parents live apart at all times during the last 6 months of the calendar year and provide over half the child's support for that year. Even if we were to assume that petitioner and Mr. Toney lived apart at all times during the last 6 months of 2001, the provisions of sec. 152(e)(1) are inapplicable: because petitioner did not provide over half of her children's support during 1991 and Mr. Toney provided no support, the threshold requirement of sec. 152(e)(1) that the parents provide over half the children's support is unsatisfied.

undisputed that petitioner was married to Mr. Toney at the close of 2001.

Under certain circumstances, in determining proper filing status, a married taxpayer may be treated as unmarried. Secs. 2(c), 7703(b). To qualify for this treatment, the taxpayer must, among other things, provide over half the cost of maintaining a household that is the principal place of abode for a child who qualifies as the taxpayer's dependent (subject to certain exceptions not relevant here). Sec. 7703(b)(1). As previously discussed, petitioner's children do not qualify as her dependents for 2001. Accordingly, petitioner cannot be treated as unmarried pursuant to section 7703(b), and petitioner's proper filing status for 2001 is married filing separately.

3. <u>Earned Income Credit</u>

To be eligible to claim an EIC, a married individual generally must file a joint return (or else satisfy the section 7703(b) requirements to be treated as unmarried). Sec. 32(d).

Petitioner did not file a joint return. As just discussed, she does not qualify to be treated as unmarried pursuant to section 7703(b). Accordingly, we sustain respondent's disallowance of the claimed EIC.

<u>Decision will be entered</u>

<u>for respondent</u>.